Filed 4/22/25

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084008 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN348199) |
| CALVIN GLASS, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Conditionally affirmed and remanded with directions.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Seth M. Friedman, for Plaintiff and Respondent.

Calvin Glass, Jr. pled guilty to (1) the voluntary manslaughter of Jordan Luis with admitted personal use of a firearm (Pen. Code, §§ 192, subd. (a), 12022.5, subd. (a)); and (2) the attempted murder of Julius L. (§§ 187, subd. (a), 664).  The trial court sentenced Glass to 21 years in state

prison.  Glass later filed a barebones petition for resentencing under section 1172.6.  After appointing Glass counsel, the court denied the petition for failure to state a prima facie case for relief.

On appeal, Glass argues the trial court prejudicially erred because (1) his generic guilty plea could not rule out imputed malice as a basis for his convictions; and (2) it considered matters outside the record of conviction.

The People counter Glass is ineligible for relief because his sworn statements in the change of plea form and at the plea hearing establish *he* committed the homicide and attempted murder to which he pled guilty.  Following *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*), the People argue Glass's reliance on similarly conclusory allegations to establish a facially valid petition—when the record of conviction shows liability under a still-valid theory—is insufficient even at the prima facie stage.

We agree with the People that Glass's record of conviction currently indicates he is ineligible for relief under section 1172.6.  But out of an abundance of caution we grant Glass's request to remand the matter to the superior court with directions to consider any "additional facts" should Glass, within 30 days of remand, seek to supplement his petition.  We otherwise conditionally affirm the order denying his resentencing petition  (See *Patton*, *supra*, 17 Cal.5th at pp. 569–570.)

I.

A.

The People charged Glass with the murder of Luis, the attempted murder of Julius, and shooting at an inhabited dwelling.  On the murder and attempted murder counts, the complaint further alleged Glass personally used a firearm.

2

In 2016, Glass pled guilty to (1) the lesser included offense of voluntary manslaughter, admitting he personally used a firearm in the commission of that offense; and (2) attempted murder.  As a factual basis for the plea, Glass admitted under penalty of perjury:  (1) "I . . . [d]id unlawfully kill a human being without malice upon a sudden quarrel [in the] heat of passion," and "did specifically use a firearm in the commission of this offense"; and (2) "[d]id unlawfully attempt to murder a human being."

At the plea hearing, the trial court questioned Glass about his guilty plea.  The court asked Glass whether it was true he was pleading guilty because (1) "you did unlawfully kill a human being" and "you did personally use a firearm in the commission of this offense;" and (2) "you also did unlawfully attempt to murder another separate human being."  Under oath, Glass responded, "Yes, sir."

The trial court accepted the plea and granted the People's motion to dismiss the balance of the complaint.

B.

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.), which abolished liability for murder based on the natural and probable consequences doctrine or imputed malice predicated solely on one's participation in a crime.  (Stats. 2018, ch. 1015, § 4; *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)  Senate Bill No. 775 (2021–2022 Reg. Sess.) clarified that relief under what is now section 1172.6 extends to persons convicted of attempted murder or manslaughter.  (Stats. 2021, ch. 551, § 2; *People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18.)

Senate Bill No. 1437 also created a procedure for persons convicted of qualifying offenses under the former homicide laws to seek resentencing if they could no longer be convicted under the amended law.  (*Lewis*, *supra*,

11 Cal.5th at p. 959.) As relevant here, a petitioner convicted of voluntary manslaughter or attempted murder initiates the resentencing process by filing a petition averring (1) a charging document "was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine"; (2) "[t]he petitioner was convicted of . . . attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial"; and (3) "[t]he petitioner could not presently be convicted of murder or attempted murder" following changes to sections 188 or 189. (§ 1172.6, subd. (a)(1)–(3).)

At the prima facie review stage, a petitioner's factual allegations "should be accepted as true, and the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, *supra*, 11 Cal.5th at p. 974.) But " 'if the record [of conviction], including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)

When, as here, "the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts 'the defendant admitted as the factual basis for a guilty plea.' " (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211–1212 (*Gaillard*), quoting *People v. Gallardo* (2017) 4 Cal.5th 120, 136.) It also includes the petitioner's "express admissions at the plea colloquy." (*People v. Fisher* (2023) 95 Cal.App.5th 1022, 1029 (*Fisher*).)

4

## C.

In 2023, Glass filed a section 1172.6 petition. He offered no specific facts in support of his conclusory allegation that his convictions for voluntary manslaughter and attempted murder were purportedly based on the natural and probable consequences doctrine. Glass also requested appointment of counsel.

The trial court found Glass's petition facially valid, appointed him counsel, and set a hearing for the prima facie inquiry.

In response, the People argued Glass was ineligible for relief under section 1172.6 because his record of conviction showed he was the "actual killer" of Luis and the direct perpetrator of the attempted murder of Julius.

In reply, Glass argued the petition's facial sufficiency (§ 1172.6, subd. (a)(1)–(3)) satisfied the prima facie inquiry (*id.*, subd. (c)), and thus the court was required to issue an order to show cause and conduct an evidentiary hearing to determine whether to vacate the voluntary manslaughter or attempted murder convictions and resentence him (*id.*, subd. (d)).

At the prima facie hearing, the trial court ruled Glass was ineligible for resentencing because his sworn statements in the plea form, including his admission to personally using a firearm in the commission of the homicide, "make[] it clear that he was the killer." The court also relied on our prior opinion affirming Glass's judgment (*People v. Glass* (Jun. 16, 2017, D070491) [nonpub. opn.]) to "corroborate" the statements in the change of plea form, but it noted the plea was "in and of itself . . . sufficient to deny this petition."

II.

We address how the record of conviction precludes Glass from resentencing relief under section 1172.6 before considering *Patton*'s impact on this appeal.

A.

On appeal, Glass contends the trial court erred in finding he was ineligible for resentencing because his statements in the change of plea form and at the plea hearing do not rule out liability under the natural and probable consequences doctrine. We disagree.

The amended homicide laws eliminated liability "if the defendant neither killed nor intended to kill and was not 'a major participant in the underlying felony [who] acted with reckless indifference to human life.' " (*People v. Strong* (2022) 13 Cal.5th 698, 703, quoting § 189, subd. (e)(3).) The change "applied to accomplices" and "did not affect actual killer theories." (*People v. Mares* (2024) 99 Cal.App.5th 1158, 1166.) Thus, "[a]s a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer.' " (*People v. Garcia* (2022) 82 Cal.App.5th 956, 973.)

Our Supreme Court has explained the "record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, 11 Cal.5th at p. 971.)

Here, Glass admitted he personally used a firearm when he "unlawfully kill[ed] a human being" and also "unlawfully attempt[ed] to murder" another. At the plea hearing, Glass agreed it was "true" he was pleading guilty because he (1) "did unlawfully kill a human being"—Luis—and "did personally use a firearm in the commission of this" killing; and (2) "also did unlawfully attempt to murder another separate human being"—Julius.

6

The trial court properly considered Glass's guilty plea as part of the record of conviction.  (*Gaillard*, *supra*, 99 Cal.App.5th at pp. 1211–1212.)  We conclude the record of conviction, including Glass's sworn statements in the plea form and at the plea hearing, establish he *could* presently be convicted of homicide and attempted murder, rendering him ineligible for relief under section 1172.6.  (*Fisher*, *supra*, 95 Cal.App.5th at p. 1029.)

Glass argues his admission to personally using a firearm does not render him ineligible at the prima facie stage, citing *People v. Offley* (2020) 48 Cal.App.5th 588 (*Offley*).  Unlike Glass, however, neither petitioner in *Offley* admitted to being the perpetrator of the murder and attempted murder of the victims, nor did the evidence in the record of conviction establish either was the direct perpetrator.  Instead, the evidence in *Offley* showed three of the five defendants—including the petitioners—fired shots into an occupied vehicle.  After being instructed on the natural and probable consequences doctrine, the jury convicted the petitioners and found the firearm enhancements true.  (*Id.* at pp. 592–593.)  Given these distinguishable facts, *Offley* does not assist Glass.

Finally, Glass argues the trial court improperly considered the "substantive facts" from our prior opinion.  Although the trial court may consider the "procedural history" of a prior appellate opinion at the evidentiary hearing (§ 1172.6, subd. (d)(3)), it cannot consider the factual summary of a prior appellate opinion at any stage of the section 1172.6 petition process (*People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1237–1238).

The trial court here stated it was not "relying" on our prior opinion to deny Glass's petition, but instead was merely using it to "corroborate" the sworn change of plea form that it found sufficient "in and of itself" to deny

7

relief. Even *if* the court erred in considering the facts from the opinion, however, we conclude doing so was harmless. (See *Lewis, supra*, 11 Cal.5th at p. 974.) If a petitioner is ineligible for section 1172.6 relief, we shall affirm the court's denial of a petition regardless of its reasoning. (*People v. Eynon* (2021) 68 Cal.App.5th 967, 976.) Such is the case here.

B.

The Supreme Court decided *Patton* after the parties had completed briefing in this case, so we sought supplemental briefing regarding its impact, if any, on the issues here. *Patton* supports our conclusion Glass is ineligible for section 1172.6 relief, yet it also prompts us to give Glass an opportunity to plead "additional facts" to rebut the record of conviction.

In *Patton*, the petitioner pled no contest to attempted murder and admitted he personally and intentionally discharged a firearm in the crime's commission. (*Patton, supra*, 17 Cal.5th at p. 557; § 12022.53, subd. (c).) The petitioner sought resentencing under section 1172.6 by submitting a checkbox-form petition. The People in response argued testimony from the petitioner's preliminary hearing showed he was the direct perpetrator of the attempted murder. (*Patton,* at p. 560.) The petitioner offered no reply. (*Ibid*.) The trial court relied on the unrebutted preliminary hearing transcript to deny relief at the prima facie review stage, and the Court of Appeal affirmed. (*Id.* at p. 570.)

*Patton* concluded a trial court conducting a prima facie review could rely on "unchallenged, relief-foreclosing facts" from a preliminary hearing transcript to refute the petition's "conclusory, checkbox allegations." (*Patton, supra*, 17 Cal.5th at p. 564.) "[A] section 1172.6 petitioner who, despite having access to counsel upon submission of a facially sufficient petition, offers only conclusory allegations of entitlement to relief, in response to a

record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not . . . made a prima facie showing." (*Id.* at p. 565.)

As a result, when the record of conviction shows relief under section 1172.6 is unavailable at the prima facie stage—whether it be a preliminary hearing as in *Patton* or sworn statements in a guilty plea form or a plea hearing as in the instant case—petitioners "have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail." (*Patton, supra,* 17 Cal.5th at p. 567.) Because the petitioner offered only conclusory allegations in response to such a record, *Patton* concluded he failed to satisfy his burden to make a prima facie case for relief. (*Id.* at p. 569.) Similarly, here Glass did not include any facts in his reply to the People's response to the petition to support his conclusory allegation his convictions were based on a natural and probable consequences theory.

Even so, "out of an abundance of caution," *Patton* remanded to allow the petitioner, within 30 days of remand, to plead "additional facts" in support of his "amended petition." (*Patton, supra,* 17 Cal.5th at pp. 569–570, citing § 1172.6, subd. (c) [petitioner has 30 days to reply to the People's response to a facially valid petition].) Glass requests the same opportunity should we conditionally affirm. As he did not have the benefit of *Patton*'s guidance during the prima facie stage before the trial court, we grant Glass's request.

## III.

We remand this matter to the superior court with directions to consider any "additional facts" should Glass, within 30 days of that remand, seek to

9

supplement his petition.  (*Patton*, *supra*, 17 Cal.5th at p. 570.)  We otherwise conditionally affirm the order denying his resentencing petition.


CASTILLO, J.

WE CONCUR:


IRION, Acting P. J.


DATO, J.